# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| FRANCES K. OPELLE, | CASE NO. SA CV 17-0961-DOC (KESx) |
|---|---|
| Plaintiff, | |
| vs. | **FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| DOUGLAS CRANE KNEUBUHL also known as MIKE KNEUBUHL, | |
| Defendant. | |

## I. INTRODUCTION

A bench trial on this matter was held on January 15–18, 2019.

This action arises out of a dispute regarding an approximately 240–acre parcel of land referred to as Fagaiofu, located in the country of Samoa (formerly known as Western Samoa). Plaintiff Frances Kneubuhl Opelle ("Plaintiff"), currently eighty-five years old, filed this action against her eighty-nine-year-old brother, Douglas Crane Kneubuhl, also known as Mike Kneubuhl ("Defendant"). Plaintiff and Defendant stipulate that, as of July 10, 1984, Plaintiff held a one-sixth (1/6) and Defendant held a five-sixth (5/6) interest in Fagaiofu. Plaintiff alleges that Defendant was the trustee of Plaintiff's one-sixth (1/6) interest in the land, and alleges that Defendant sold Fagaiofu but did not provide Plaintiff with her lawful share of the profits. Plaintiff brings three claims against Defendant in connection with Fagaiofu: breach of fiduciary duty, fraudulent concealment, and financial abuse of an elder.

The Court issues the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52. To the extent that any findings of fact are included in the Conclusions of Law section, they shall be deemed findings of fact, and to the extent that any conclusions of law are included in the Findings of Fact section, they shall be deemed conclusions of law.

## II. FINDINGS OF FACT

### A. Background

1. Plaintiff Frances K. Opelle is eighty-five years old. Her permanent residence is located in Section 8 senior housing on the island of Oahu in Hawaii. Transcript, January 15, 2019, Volume ("Vol.") I at 2:15.
2. Defendant Mike Kneubuhl is eighty-nine years old. His permanent residence is located in Laguna Niguel, California. Transcript, January 15, 2019, Vol. I at 32:25; Transcript, January 15, 2019, Vol. III continued ("cont."). at 4:25.
3. Suzy Kneubuhl is the wife of Defendant Mike Kneubuhl. Transcript, January 16,

2019, Vol. I at 9:6–17.

4. Robert Opelle is the late husband of Frances Opelle. Transcript, January 15, 2019, Vol. III at 3:21.

5. Robert John Opelle is the son of Frances Opelle and Robert Opelle. Transcript, January 15, 2019, Vol. III at 2:21–24; Transcript, January 17, 2019, Vol. I cont. at 48:20–25.

6. Melissa Vollmer is the wife of Robert John Opelle. Transcript, January 17, 2019, Vol. I cont. at 65:13.

7. Robin Kneubuhl Roush is the niece of Frances Opelle. Transcript, January 17, 2019, Vol. I at 12:10–15.

**B. The 1982 Settlement Agreement**

8. Lena Pritchard Kneubuhl, Plaintiff and Defendant's mother, established an estate and a real estate trust prior to her death. Exhibit ("Ex.") 65 at 1.

9. Lena Pritchard Kneubuhl's trust and estate transferred equal 1/6 interests in fee simple absolute ownership of real property in Samoa and American Samoa to her six children: Douglass Crane Kneubuhl, Frances Kneubuhl Opelle, James Pritchard Kneubuhl, Benjamin Franklin Kneubuhl, Jr., John Alexander Kneubuhl, and Margaret Kneubuhl Landrigan. Ex. 65 at 1; Transcript, January 15, 2019, Vol. III at 20–22. Each sibling received a 1/6 interest in Fagaiofu as a result. *Id.* Each sibling also received a 1/6 interest in land known as Talimatau and Fuamete. *Id.*

10. In 1982, by way of a settlement agreement ("1982 Settlement Agreement"), four of the siblings transferred their 1/6 interests in Fagaiofu, as well as land known as Talimatau and Fuamete, to Defendant Mike Kneubuhl; Defendant thus became the owner of an undivided 5/6 interest in Fagaiofu, Talimatau, and Fuamete. Ex. 65; Transcript, January 15, 2019, Vol. III at 25:3–5.

11. Plaintiff Frances Opelle signed the 1982 Settlement Agreement, and retained her 1/6 undivided interest in Fagaiofu, Talimatau, and Fuamete. Transcript, January 15,

3

2019, Vol. III at 25:3–5.

**C. Contested 1984 Transfer of Plaintiff's Share of Fagaiofu**

12. Until July 11, 1984, Plaintiff owned a 1/6 undivided interest in Fagaiofu. Transcript, January 15, 2019, Vol. III cont. at 24:1–6; 28:5.

13. On July 11, 1984, a Deed of Conveyance ("the 1984 Deed") was executed in Orange County, California, conveying Plaintiff's 1/6 interest in Fagaiofu to Defendant. Ex. 12-1, 12-2; Ex. 73, 74.

14. The 1984 Deed identifies Plaintiff as Donor and Defendant as Donee. *Id.*

15. The 1984 Deed states that Plaintiff as Donor conveys her 1/6 interest in Fagaiofu "in consideration of the natural love and affection" of Defendant as Donee. *Id.*

16. The 1984 Deed was executed at the law office of Richard Higbie located in Balboa Island, Orange County, California. Defendant was a client of Richard Higbie. Transcript, January 15, 2019, Vol. I at 22:17–18.

17. Kathryn Deborah Sutton, commonly known as Debbie Sutton, was a notary who worked for Richard Higbie in 1984. Transcript, January 16, 2019, Vol. I. cont. at 3:19–25.

18. Several versions of the 1984 Deed exist in Samoa and California; the versions each consist of the cover jacket and the deed itself. Transcript, January 17, 2019, Vol. I at 76:1–11.

19. One version of the 1984 Deed is a certified search copy ("Certified Search Copy Deed") that was recorded with the Registrar's office in Apia, Samoa (also known as Western Samoa). Ex. 12.

20. Another version of the 1984 Deed is a photograph of the original Deed ("Original Deed Photograph"), currently serving as an exhibit in ongoing litigation in the High Court of Samoa, Land and Titles Division. Ex. 73; Ex. 74.

21. The Certified Search Copy Deed states that it was signed by Frances Kneubuhl Opelle in the presence of "'Debbie Sutton,'" in quotations, with no signature by Ms.

|   |     | Sutton. Ex. 12-1. The Original Deed Photograph states that it was signed by "Frances Kneubuhl Opelle in the presence of:- Debbie Sutton," with Ms. Sutton's name not appearing in quotations, and includes a purported signature of Debbie Sutton to the right of Ms. Sutton's typed name. Ex. 73. |
|---|---|---|
|   | 22. | Both the Certified Search Copy Deed and the Original Deed Photograph contain a purported signature appearing as "Frances Kneubuhl Opelle." Ex. 12-1; Ex. 73. The signature of Frances Kneubuhl Opelle appears closer to ellipses and farther to the right of the page on the Original Deed Photograph than it appears on the Certified Search Copy. Ex. 12-2; Ex. 73. |
|   | 23. | On the Certified Search Copy Deed, on the left side, perpendicular to the remainder of the writing on the deed, a type statement reads: "<u>CERTIFIED</u> that the foregoing Alienation is within the provisions of the Alienation of the Freehold Land Act, 1972," followed by a signature and "<u>Solicitor for the Donee</u>." Ex. 12-1. On the Original Photograph Deed, on the left side of the deed, six rectangular stamps appear with a seal over each stamp; the seal over each stamp states, "DUTIES OFFICE WESTERN SAMOA." Ex. 73. |
|   | 24. | The jacket of the Certified Search Copy deed contains a handwritten "5110" at the top of the document. Ex. 12-2. The jacket of the Original Deed Photograph does not. Ex. 74. |
|   | 25. | Typewritten at the bottom of both jacket copies are the words "Drake & Company Solicitors, Apia." The jacket of the Certified Search Copy Deed contains a comma after "Company" and no period after "Apia." Ex 12-2. The jacket of the Original Deed Photograph does not have a comma after "Company" and contains a period after "Apia." Ex. 74. |
|   | 26. | The jacket of the Certified Search Copy Deed contains a stamp that reads, in part, as follows: "Samoa Land Register [.] Received for Registration 30th July 1984 At 9.20 In Vol. 1 Fol. 31." Ex. 12-2. The jacket of the Original Deed Photograph contains a |

stamp that reads, in part, as follows: "Samoa Land Register [.] Copy Register No. 5110c [.] Date 30th July 1984 At 9.20 In Vol. 1 Fol. 31." Ex. 74.

27. As of 2019, Debbie Sutton does not recall the 1984 Deed. Transcript, January 16, 2019, at 28:22–23.

28. When shown Ex. 11-1, a copy of the 1984 Deed appearing analogous to the Certified Search Copy Deed, Debbie Sutton stated the typed "Debbie Sutton" was typed utilizing a variety of typewriter that she would not have used during that time. Transcript, January 16, 2019, at 26: 21–25. *Id.* at 27: 1.

29. When shown Ex.11-2, a copy of the 1984 Deed appearing analogous to the Original Deed Photograph, Debbie Sutton stated that the signature "Debbie Sutton" appeared very close to her signature but with small differences, and that she does not believe it is her signature. Transcript, January 16, 2019, at 24:22–23; *Id.* at 25:19–21.

### D. Maintenance of Fagaiofu

30. Plaintiff Frances Opelle has never personally visited Fagaiofu. Transcript, January 15, 2019, Vol. III at 10:8–11.

31. Between 1984 and 2008, Mike Kneubuhl visited Fagaiofu periodically, hired a caretaker to care for the land, and attempted to prevent squatting on the land. Transcript, January 15, 2019, Vol. I at 38:5–10.

32. Mike Kneubuhl became a Matai, a respected position in Samoan culture, over the years in an effort to care for Fagaiofu. Transcript, January 15, 2019, Vol. III at 61:18–20.

### E. Sale of Fagaiofu

33. In 2008, Mike Kneubuhl sold the entirety of the Fagaiofu land parcel to Haleck Industries for $2.1 million. Transcript, January 15, 2019, Vol. III at 32:13–16, 68:23–25.

34. The Agreement for Sale or Purchase for the sale of Fagaiofu was executed on November 17, 2008. Ex. 58-3.

35. Fagaiofu was transferred to Haleck Investments, Limited, on January 11, 2012. Ex. 58-1.
36. Mike Kneubuhl received all of the profits from the sale of Fagaiofu. Transcript, January 15, 2019, Vol. III at 32:13–16.

### F. Litigation in High Court of American Samoa

37. In 2013, an action was filed on behalf of Frances Opelle against Mike Kneubuhl in the High Court of American Samoa ("High Court Action"), seeking judgment regarding disputed lands in American Samoa. Transcript, January 17, 2019, Vol. I at 15–17.
38. The litigation in the High Court regarding disputed land in American Samoa is currently ongoing. *See id; see also Frances Opelle v. Douglas "Mike" C. Kneubuhl et al*, High Court of American Samoa, Land and Titles Division, LT No. 20–13 (2013).

## III. CONCLUSIONS OF LAW

39. Plaintiff Frances Opelle seeks to recover damages for a 1/6 share of Defendant's profits from the sale of Fagaiofu. Plaintiff brings three causes of action: (1) breach of fiduciary duty; (2) fraudulent concealment; (3) financial abuse of an elder. *See* Amended Complaint. Defendant Mike Kneubuhl raises several defenses to liability. The Court will address each of Plaintiff's causes of action and Defendant's defenses in turn.

### A. Breach of Fiduciary Duty

40. Plaintiff Frances Opelle argues that Defendant Mike Kneubuhl breached a fiduciary duty to Frances Opelle by selling Plaintiff's 1/6 ownership interest in Fagaiofu and failing to inform her of the sale, as well as by failing to provide her with her 1/6 share of the profits from that land sale. Mike Kneubuhl argues the breach of fiduciary duty claim fails as a matter of law because there is no evidence of a fiduciary relationship between himself and Frances Opelle. Frances Opelle argues Mike Kneubuhl was her fiduciary with respect to the management of Fagaiofu because Mike was trustee of

| | |
|---|---|
| 1 | the family land as a Matai under Samoan custom. Transcript, January 15, 2019, Vol. |
| 2 | I at 17:3–6. |

41. Plaintiff Frances Opelle applies California law to her second and third claim for fraudulent concealment and financial abuse of an elder, yet she seeks to apply Samoan custom regarding a trust relationship to her claim for breach of fiduciary duty. *See* Transcript, January 18, 2019, Vol. I at 4. Accordingly, the Court addresses choice of law with respect to this claim.

42. In determining whether California or Samoan law applies, the Court must apply the conflict of law rules of California. *See Paulo v. Bepex Corp.*, 792 F.2d 894, 895 (9th Cir. 1986). California utilizes the governmental interest approach to resolve conflicts between the law of a state and a foreign country. *Id.*; *see also Hurtado v. Sup. Ct. of Sacramento Cty.*, 11 Cal.3d 574, 580 n.2 (1974). Under the governmental interest approach, a court must: (1) examine the substantive law at issue to determine if the laws of the two jurisdictions differ; (2) determine whether both jurisdictions have an interest in having their law applied; if not, there is no "true conflict" and the court must apply the law of the jurisdiction with an interest; and (3) if there is a true conflict, the court should apply the law of the jurisdiction whose interest would be more impaired if its law were not applied. *Nelson v. International Paint Co.*, 716 F.2d 640, 644 (9th Cir. 1983).

43. In California, under the statute of frauds, the formation of a trust in relation to real property is not valid unless evidenced by one of the following: (a) a written instrument signed by the trustee or the trustee's agent if authorized in writing; (b) a written instrument conveying the trust property signed by the settlor's agent if authorized in law; or (c) operation of law. California Probate Code § 15206. By contrast, in Samoa, a Matai is "trustee of family land for benefit of entire family." *TALO of Pago Pago v. TAVAI of Pago Pago*, High Court of American Samoa, No. 14-1938 (1939). The substantive law of the two jurisdictions differs as to a trust

1 | relationship, and the Court must determine whether both jurisdictions have an interest in having their laws apply.

44. Here, California is the only interested state. The forum is in California, the defendant is a California resident, and the alleged breach of duty took place in California when Mike Kneubuhl obtained the allegedly fraudulent 1984 Deed that is the subject of this action and all claims therein. *See Nelson*, 716 F.2d at 645–46 (finding that California is the only interested state where the forum was California and the only defendant was a California resident). As such, the Court applies California law to the claims at hand. Even if Samoa had an interest, the Court finds that California's interest would be more impaired if its laws governing a trust relationship were not applied, as this outcome would enable any claimant to enforce oral trust relationships created outside of the state regarding in-state action, in clear contravention to California public policy. *See* California Probate Code § 15206.

45. To succeed on a breach of fiduciary duty claim in California, a plaintiff must establish the existence of a fiduciary relationship, breach of that duty, and damages. *Charnay v. Cobert*, 145 Cal. App. 4th 170, 182 (2006). The existence of a fiduciary relationship, giving rise to a fiduciary duty, is a question of law. *Marzec v. Public Employees Retirement System*, 236 Cal. App. 4th 889, 915 (2015).

46. Frances Opelle contends that Mike Kneubuhl owed her a fiduciary duty because he was her trustee regarding Fagaiofu. However, Plaintiff has not claimed or produced any writing evidencing the creation of a trust relationship between Frances Opelle and Mike Kneubuhl. As such, Frances Opelle has not shown a fiduciary relationship, and there is no associated breach of fiduciary duty.

**B. Fraudulent Concealment**

47. Frances Opelle seeks to recover from Mike Kneubuhl under a theory of fraudulent concealment. "The required elements for fraudulent concealment are: (1) concealment or suppression of a material fact; (2) by a defendant with a duty to

| | |
|---|---|
| 1 | disclose the fact to the plaintiff; (3) the defendant intended to defraud the plaintiff by |
| 2 | intentionally concealing or suppressing the fact; (4) the plaintiff was unaware of the |
| 3 | fact and would not have acted as he or she did if he or she had known of the |
| 4 | concealed or suppressed fact; and (5) plaintiff sustained damage as a result of the |
| 5 | concealment or suppression of the fact." *Hambrick v. Healthcare Partners Medical* |
| 6 | *Group, Inc.*, 238 Cal. App. 4th 124, 162 (2015) (quoting *Graham v. Bank of America,* |
| 7 | *N.A.*, 226 Cal. App. 4th 594, 606 (2014)). Nondisclosure when a party has a duty to |
| 8 | disclose is sufficient to constitute concealment, and whether a disclosure is adequate |
| 9 | "to defeat a claim of concealment depends on the scope of the duty to disclose." |
| 10 | *Lovejoy v. AT&T Corp.*, 119 Cal. App. 4th 151, 158 (2004). |

48. Frances Opelle argues Mike Kneubuhl engaged in fraudulent concealment on two bases: (1) that he forged the 1984 Deed and thus fraudulently concealed the wrongful conveyance of Opelle's 1/6 interest in Fagaiofu; and (2) that he fraudulent concealed his sale of Fagaiofu from Opelle. Transcript, January 18, 2019, at 7:11–15.

### 1. 1984 Deed

49. Regarding the first basis, the conveyance of Opelle's interest in Fagaiofu, the original 1984 Deed is currently an exhibit in the ongoing High Court Action. Transcript, January 17, 2019, Vol. I cont. at 82: 6–7. Without the original document before the Court, the Court does not find that the Certified Search Copy Deed or the Original Deed Photograph are fraudulent. The Court would order the production of the original 1984 Deed, currently held in the High Court of American Samoa, so as to make a further determination regarding authenticity, were the Ninth Circuit to give instruction to that effect.

50. Accordingly, the Court does not find Mike Kneubuhl concealed a material fact regarding the 1984 Deed, and Frances Opelle cannot meet the elements of fraudulent concealment regarding the 1984 Deed.

### 2. Sale of Fagaiofu

51. Regarding the second basis, the sale of Fagaiofu, Frances Opelle has the burden to establish that Mike Kneubuhl had a duty to disclose the sale, and that he failed to disclose it. *Lovejoy*, 119 Cal. App. 4th at 158. "Absent a fiduciary relationship, a duty to disclose only arises where '(1) the defendant makes representations but does not disclose facts which materially qualify the facts disclosed, or which render his disclosure likely to mislead; (2) the facts are known or accessible only to defendant, and defendant knows they are not known to or reasonably discoverable by the plaintiff; [or] (3) the defendant actively conceals discovery from the plaintiff.'" *Naidong Chen v. Fleetcor Tecnhnologies, Inc.*, 2017 WL 1092342 at *17 n.6 (March 23, 2017) (quoting *Warner Constr. Corp. v. City of Los Angeles*, 2 Cal. 3d 285, 294 (Cal. 1970)).

52. As the Court finds no fiduciary relationship between Plaintiff Opelle and Defendant Kneubuhl, Plaintiff must show that Mike Kneubuhl made misleading representations, that only Kneubuhl knew of the sale and it was not reasonably discoverable by Opelle, or that Kneubuhl actively concealed the sale from Opelle.

53. Neither Plaintiff nor Defendant contend that Defendant made misleading representations regarding the sale of Fagaiofu.

54. Opelle cannot show that only Kneubuhl knew of the sale of Fagaiofu and that the sale was not reasonably discoverable; the sale was public and as such, was reasonably discoverable. *See.* Ex. 58.

55. Frances Opelle contends that Kneubuhl intentionally concealed the sale of Fagaiofu to Haleck Industries from her. However, Opelle has not presented evidence demonstrating that Kneubuhl actively concealed the sale, particularly in light of the public nature of the sale.

56. Accordingly, Frances Opelle did not show that Mike Kneubuhl had a duty to disclose, *see Fleetcor Technologies*, 2017 WL 1092342 at *17 n.6, and Opelle thus

1 | cannot succeed on her fraudulent concealment claim.
57. Even if the Court were to find that Mike Kneubuhl owed a duty to disclose to Frances Opelle, the statute of limitations bars Opelle's fraudulent concealment claim. In California, an action grounded in constructive or actual fraud may be commenced within three years after discovery of the fraud. Cal. Civ. Proc. Code § 338. Plaintiff's Amended Complaint in the High Court Action states "Plaintiff learned about the 'Fagaiofu' land transaction from other family members in 2012." Defendant's Request for Judicial Notice (Dkt. 114), Ex. E-011, at 86.

58. Plaintiff contends that the Amended Complaint in the High Court Action has since been stricken by the High Court of American Samoa, and accordingly, this Court may not take judicial notice of that complaint. However, while not a conclusive judicial admission, a pleading that is later stricken is still admissible evidence. "When a pleading is amended or withdrawn, the superseded portion ceases to be a conclusive judicial admission, but it still remains as a statement once seriously made by an authorized agent, and as such it is competent evidence of the facts stated, though controvertible, like any other extrajudicial admission made by a party or his agent." *Huey v. Honeywell, Inc.*, 82 F.3d 327, 333 (9th Cir. 1996) (quoting *Kunglig Jarnvagsstyrelsen v. Dexter & Carpenter, Inc.*, 32 F.2d 195, 198 (2d Cir.), *cert. denied*, 280 U.S. 579 (1929)).

59. A statement is not hearsay if it is offered against an opposing party and was made by the party or by a person whom the party authorized to make a statement on the subject. Federal Rule of Evidence 801(d)(2). While Opelle's statement in the High Court Action Amended Complaint is not a conclusive judicial admission, it is admissible by Defendant as a statement of a party opponent.

60. Opelle's statement in the Amended Complaint provides evidence that Opelle knew of the Fagaiofu sale as of sometime during 2012. As such, the limitations period for her fraudulent concealment claim ran three years later, in 2015. Cal. Civ. Proc. Code §

338. Opelle's fraudulent concealment claim is thus barred by the applicable statute of limitations.

**C. Financial Abuse of An Elder**

61. Frances Opelle also brings a claim for financial abuse of an elder. Under California Welfare and Institutions Code § 15610.30, a plaintiff claiming financial abuse of an elder must show that a defendant took, secreted, appropriated, obtained, or retained real or personal property of an elder (or assisted in any of the aforementioned actions) for wrongful use or intent to defraud, or both. Cal. Welfare and Institutions Code § 15610.30.

62. For purposes of a financial abuse of an elder claim, "elder" is defined as any person residing in the state who is 65 years of age or older. Cal. Welf. & Inst. Code § 15610.27.

63. Frances Opelle argues she should succeed on her claim because Mike Kneubuhl concealed the transfer of her 1/6 ownership interest in Fagaiofu, constituting financial abuse. However, by Plaintiff Opelle's own admission, this transfer of her ownership interest in Fagaiofu—which forms the basis of her financial abuse claim—occurred in 1984. Transcript, January 15, 2019, Vol. III at 11:16–17; *see also* Ex. 12-1, 12-2, 73, 74.

64. Frances Opelle is currently eighty-five years old; in 1984, she was significantly younger than sixty-five years old. Transcript, January 15, 2019, at 2:15. As such, Frances Opelle was younger than sixty-five years old when her ownership interest in Fagaiofu was transferred to Mike Kneubuhl, and Opelle cannot succeed on a claim for financial abuse of an elder.

## IV. CONCLUSION

For the reasons explained above, the Court HOLDS that Mike Kneubuhl is not liable for breach of fiduciary duty, fraudulent concealment, or financial abuse of an elder. Defendant shall submit a proposed judgment **on or before February 15, 2019.**

*David O. Carter*
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

Dated: February 1, 2019